UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ralph J. Hutton, III,

    Plaintiff

    v.                                                  Case No. 1:06cv65

Wanza Jackson, *et al.*,                    Judge Michael R. Barrett

    Defendants.

**ORDER**

This matter is before the Court upon the Magistrate Judge's February 1, 2007 Report & Recommendation ("R&R") (Doc. 77) and the Magistrate Judge's March 23, 2007 R&R (Doc. 87).

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner.  *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Plaintiff filed objections to the Magistrate Judge's March 23, 2007 R&R. (Doc. 101) Defendant John Roberts, M.D. filed a Response to Plaintiff's objections. (Doc. 105)

Plaintiff brings this action *pro se* pursuant to 42 U.S.C. § 1983 against several employees of the Ohio Department of Rehabilitation and Corrections (ODRC) and Ohio State University Medical Center (OSUMC) for claims arising from a double knee replacement surgery.  Plaintiff claims that he has been denied adequate medical care in violation of the Eighth Amendment.  Specifically, Plaintiff alleges that his right leg is one and three-quarter inches shorter than his left leg as the result of knee replacement surgery

he received while incarcerated.  Plaintiff alleges that Defendants refuse to provide him with information concerning the surgeries so he can determine the reason for the difference in the length of his legs.  Plaintiff further alleges that Defendants refuse to provide him with medically prescribed, nondefective footwear to compensate for the difference in leg lengths so he can engage in medically prescribed rehabilitative exercises.

In his February 1, 2007 R&R, the Magistrate Judge recommends that Plaintiff's Motion to Amend (Doc. 62) be denied; Plaintiff's Motion to Supplement and Amend Complaint (Doc. 71) be granted in part with respect to Plaintiff's claim that Hugh Daley, R.N., denied him medical care by overriding the orthotic shoes prescribed by a specialist; and denied in part with respect to Plaintiff's claim that Mr. Daley failed to properly respond to his grievance appeal; and Plaintiff's Motion to Amend (Doc. 76) be denied.  Plaintiff has not objected to this R&R.

In his March 23, 2007 R&R, the Magistrate Judge recommends that Defendant John Roberts, M.D.'s Motion to Dismiss (Doc. 45) be granted and Plaintiff's Complaint against Dr. Roberts be dismissed.  The Magistrate Judge noted that Plaintiff's Complaint does not specifically set forth claims against any of the defendants in their official capacities. However, the Magistrate Judge explained that a suit against a defendant in their official capacity would, in reality, be a way of pleading the action against the entity of which the defendant is an agent.  The Magistrate Judge found that to the extent Plaintiff's monetary claims can be construed as claims against OSUMC, such claims would be barred because OSUMC, as an agent of The Ohio State University and therefore an arm of the State of Ohio, is entitled to immunity under the Eleventh Amendment against suit in federal court for money damages.

Because damage actions against officials in their individual capacities are not proscribed by the Eleventh Amendment, the Magistrate Judge analyzed Plaintiff's claims against Dr. Roberts in his individual capacity to determine if they should be dismissed for failing to state a claim.  The Magistrate Judge reviewed the allegations in Plaintiff's Amended Complaint.  (Doc. 11)  There, Plaintiff alleges that Dr. Roberts "refused to answer Plaintiff's questions about the problems with Plaintiff's double knee replacement surgeries" to enable Plaintiff to determine the cause of his leg length discrepancy.  Plaintiff claims that pursuant to ODRC Policy 68-MED-01 he is entitled to at least a single medical opinion; and Dr. Roberts has denied him this opinion.  As a result, Plaintiff claims Dr. Roberts thereby denied him adequate medical care.  The Magistrate Judge found that Plaintiff's allegations that Dr. Roberts refused to answer Plaintiff's questions do not amount to a deliberate indifference to Plaintiff's medical needs.  Therefore, the Magistrate Judge concluded that Plaintiff had failed to state a section 1983 claim based upon a violation of the Eighth Amendment.

In his objections, Plaintiff states that his claims are not based upon the alleged errors made during the surgery on his knee, but instead are based upon Dr. Robert's refusal to treat Plaintiff after the surgery.  According to Plaintiff, the operative report does not include any measurement by the doctors of the overall length of comparative length of Plaintiff's femurs.  Plaintiff states that during the post-operative exam, Dr. Roberts asked Plaintiff "how long have you had the problem with the difference in the length of your legs?"  Plaintiff states that he responded "since you did the surgery on my leg."  Plaintiff alleges that Dr. Roberts then turned and left the room.  Plaintiff argues that "Dr. Roberts began violating plaintiff's constitutional rights when Dr. Roberts physically turned his back to

plaintiff and left the exam. room instead of providing any medical treatment at all for plaintiff's leg which was made 1 and 3/4 shorter than plaintiff's left leg by the medical error which occurred during the surgery Dr. Roberts supervised." Plaintiff also alleges that Dr. Roberts is not treating plaintiff's deteriorating condition." This allegation regarding a failure to treat was not contained in Plaintiff's Amended Complaint, and only appears in Plaintiff's objections. In his response to Plaintiff's objections, Dr. Roberts argues that these additional allegations are not properly before the Court.

In considering a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a court is controlled by the allegations of the complaint. *Glicker v. Michigan Liquor Control Comm'n*, 160 F.2d 96, 101 (6th Cir. 1947). However, district courts have a responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that the *pro se* litigant would be able to state a meritorious claim. *McCallum v. Gilless*, 2002 WL 449847, *2 (6th Cir. March 21, 2002) (unpublished), citing *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996); *Berndt v. State of Tenn.*, 796 F.2d 879, 881 (6th Cir.1986).

Nevertheless, considering all of Plaintiffs allegations, the Court finds that Plaintiff has failed to state a claim against Dr. Roberts.

As the Magistrate Judge explained, to establish an Eighth Amendment violation, Plaintiff must allege that Dr. Roberts exhibited a deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This does not mean, however, that every instance of medical malpractice automatically becomes a constitutional violation because the victim is a prisoner. *Byrd v. Wilson*, 701 F.2d 592 (6th Cir. 1983); *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976). "Deliberate indifference" is the reckless

disregard of a substantial risk of serious harm; mere negligence, or even gross negligence, will not suffice. *Farmer v. Brennan*, 511 U.S. 825, 835-36 (1994).

Assuming, *arguendo*, that Plaintiff's condition constitutes a "serious medical need," the Court finds that Plaintiff has not sufficiently alleged facts which would support a conclusion that Dr. Roberts was deliberately indifferent to these needs. As the Magistrate Judge explained, a refusal to provide information does not state a claim under section 1983. Likewise, Dr. Roberts' alleged refusal to provide a diagnosis regarding Plaintiff's discrepancy in the length of his legs is not actionable. A prisoner's difference of opinion regarding diagnosis or treatment does not rise to the level of an Eighth Amendment violation. *Estelle*, 429 U.S. at 107. Where a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess the medical judgments of prison officials and constitutionalize claims that sound in state tort law. *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). While Plaintiff is careful to state that he is not bringing a claim of medical malpractice, his allegations at most constitute a claim of negligence. Moreover, there is no allegation that Dr. Roberts is responsible for Plaintiff's continued care. As Plaintiff alleges in his Amended Complaint, Dr. Roberts was the attending physician for his surgeries, and according to Plaintiff's allegation, the last time Dr. Roberts met with Plaintiff was after the surgery in April of 2004.

Upon *de novo* review of this matter, pursuant to 28 U.S.C. § 636, the Court finds no error in the Magistrate Judge's February 1, 2007 and March 23, 2007 R&Rs. Accordingly, the Magistrate Judge's R&Rs (Docs. 77, 87) are hereby **ADOPTED**. It is ordered as follows:

1. Plaintiff's Motion to Amend (Doc. 62) be **DENIED**;

2. Plaintiff's Motion to Supplement and Amend Complaint (Doc. 71) be **GRANTED** in part and **DENIED** in part;

    a. Plaintiff's claims shall include a claim that Hugh Daley, R.N., denied him medical care by overriding the orthotic shoes prescribed by a specialist;

    b. Plaintiff's claims shall not include a claim that Mr. Daley failed to properly respond to his grievance appeal;

3. Plaintiff's Motion to Amend (Doc. 76) be **DENIED**;

4. Defendant's Motion to Dismiss (Doc. 45) be **GRANTED**; and

5. Plaintiff's Complaint be **DISMISSED** as against Defendant John Roberts, M.D.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　*/s/ Michael R. Barrett*
　　　　　　　　　　　　　　　　　　　　Michael R. Barrett, Judge
　　　　　　　　　　　　　　　　　　　　United States District Court